### George W. Bullene vs. Abraham Garrison.

The findings of fact by the lower court, like a verdict, will not be set aside, if any evidence appears upon which they may properly be sustained.

The period of residence accepted by the United States as the primary disposer of the soil, as a compliance on part of the settler, with the requirements of the Donation Act, cannot be questioned by one, not claiming under a prior grant.

The authority of a Notary *de facto*, to take the acknowledgment of a deed cannot be questioned collaterally.

Possession as tenant or as an intruder presents no impediment to the transfer of title to land.

A party to a contract is presumed to have accepted what was to his interest to accept, nothing appearing to the contrary, especially where he sues for a right acquired under the contract.

Possession of a donation claim under a writing purporting to be a quitclaim deed, executed before the expiration of the four years' residence required under the Donation Act, is possession under a contract prohibited by law, and gives no color of title.

Such possession cannot be adverse, so as to entitle the possessor to the benefit of the statute of limitations.

The plaintiff in this action cannot be estopped either by his silence or conduct from recovering possession of the land in dispute, as he thereby neither induced defendant to go into, nor remain in possession thereof.

Error to Third Judicial District holding terms at Seattle.

*James McNaught* for plaintiff in error.

No one appeared for defendant in error.

Opinion by Greene, Associate Justice.

This was a case brought in the District Court by Abraham H. Garrison, against George W. Bullene, for the recovery of possession of an undivided half of certain lots of land situated in the city of Seattle. It was tried in the court below by the judge without a jury. He found as facts, that Garrison was the owner in fee simple of the premises in controversy, and entitled to possession thereof, and gave judgment for the recovery of the premises.

The case comes here on a bill of exceptions, upon which the main point made is, that the findings of fact, arrived at by the judge, are not sustained by the evidence. These findings of fact stand before us like the verdict of a jury. We cannot set them aside if any evidence appears upon which they may properly be based.

We have reviewed the evidence, and are impressed that the findings are right. We, ourselves, would have found the same upon the same evidence.

It appears that David S. Maynard took a donation claim, pursuant to the act of congress in that behalf, including these premises. His residence, according to the findings and certificate of the local land-officers, upon which the patent has been issued, commenced on the third of April, 1852. On the 20th day of May, 1853, Maynard, for a valuable consideration, executed to the defendant Garrison and one Moxlie, a paper-writing, describing the lots above mentioned, and purporting to quitclaim them and to bind the maker to execute a good and sufficient warranty deed of them, whenever he should afterwards obtain title from the government. The four years' residence required by the Donation Act was completed on the third day of April, 1856.

On the 20th day of May, 1856, Maynard and wife conveyed, by deed, the same lots to Moxlie and Garrison. On the fourth day of October, 1856, Moxlie, describing himself as of the firm of Moxlie and Garrison, and signing his name as "Robert W. Moxlie, for Moxlie & Garrison," deeded the same lots to "John A. Chase of the firm of Plummer & Chase."

The appellant Bullene is the grantee of Plummer & Chase.

A patent, including these lots, was issued to Maynard, on the 14th of December, 1876, and since the commencement of this suit. It is claimed by the plaintiff in error, that the District Court erred in rejecting certain testimony of Henry L. Yesler and a writing signed by Maynard, whereby it was proposed to show, that on the second of January, 1853, Maynard changed and relocated his donation claim, so that the commencement of his residence cannot be dated earlier than that

day, and the deed from Maynard to Garrison and Moxlie must, therefore, be void.    But, we are of opinion, that, as the United States, as primary disposers of the soil, have accepted the period, extending from the 3rd of April, 1853, to ;the 3rd of April, 1856, as the period of statutory residence, and have granted a patent on that basis, the fact of such residence is not now open to question, by any one not claiming under a prior grant from the United States.

Plaintiff in error contends, that Maynard's deed to Garrison and Moxlie was not duly acknowledged.    It purports to have been acknowledged before one Plummer, as notary public.

The evidence shows that Plummer was exercising the functions of a notary, and publicly assuming to be such.    His oath of office, official bond and notarial seal were all on file in the executive office of the Territory.    He was at least an officer, *de facto*, and his right to the office could not be tried in this suit.

It is said, that Plummer, of Plummer & Chase, was in possession of the land at the time of the execution of the deed by Maynard to Moxlie & Garrison, and that, therefore, the title did not pass by that deed.    But, if he were, his possession would not prevent the title passing, under any debatable view of the law.    For, if in possession at all, under the evidence, he must have been in possession, either as tenant of Maynard, or as a mere intruder.    In either case, his possession was not adverse, and would have offered no impediment to the transfer of title.

The objection that Garrison must be held not to have accepted the deed from Maynard to himself and Moxlie because he never saw it, and was absent and had no one to represent him cannot be urged by plaintiff in error.

His pleading and evidence go to show that Moxlie was authorized to represent Garrison.    That is the position he has assumed in this cause.    He cannot blow hot and cold.    Besides Garrison is to be presumed to have accepted what was for his interest, nothing to the contrary appearing, especially when he enters court suing on a title acquired under that deed.

The position of plaintiff in error that Plummer and his

grantees have been holding adversely to Garrison since 1854 is untenable. They claim to have had possession under the paper-writing, dated 20th May, 1853, openly and notoriously from 1854 down to the commencement of this action in 1877.

But that paper-writing was utterly void. Maynard's four years' residence was incomplete at the time of its delivery. It was an unlawful agreement, and the plaintiff in error, by setting it up as the source of title of himself and his grantors, in effect, sets up that he and they had no color of title during all these years. Their possession, therefore, cannot be called adverse, nor entitle them to the benefit of the statute of limitations. The cases cited by counsel are not like the one at bar. Lastly, it is argued by the plaintiff in error, that Moxlie, in October, 1856, sold the land and executed the deed to Plummer & Chase, and then informed Garrison of what he had done; that the purchasers and plaintiff in error have occupied the land since, and made improvements thereon, to the value of $3,000, or over; that from the date of the purchase to the filing of the complaint, Garrison has made no objection to the sale, or to the assumed authority of Moxlie; and that "nineteen and one-half years of knowing silence" amount to a ratification.

We see nothing, however, in this case to constitute an *estoppel en pais*. The evidence shows that Moxlie was not the agent of Garrison, nor in any way authorized to bind him, regarding this land, and that Garrison did not know that Moxlie was assuming to act for him. Neither Garrison's representations nor Garrison's silence induced plaintiff in error and his grantors to enter upon, or remain in possession of the land, or improve it. Nor does it appear that silence on Garrison's part was assumed or preserved by him, with the intention that they should be influenced thereby. (Biglow on Estoppel, chapter 18.) If Garrison is to be estopped in this case, then it would seem to us that both the statute of limitations and the doctrine of adverse possession are altogether superfluous, for in every case of notorious possession and improvement under a bare claim of title, silence for an indefinite period would estop the true owner from ever coming afterward, to claim his own.

The judgment of the district court must be affirmed.